UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A2Z HEALTH.NET, INC., et al.,

Plaintiffs,

v.

CALIFORNIA MASSAGE THERAPY COUNCIL, et al.,

Defendants.

No. 2:25-cv-02112-DC-AC

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

(Doc. Nos. 4, 19, 23)

This matter is before the court on Plaintiffs' motion to remand this case to the Sacramento County Superior Court. (Doc. No. 4.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 16.) For the reasons explained below, the court will grant Plaintiffs' motion to remand.

**BACKGROUND**

On May 5, 2023, Plaintiff A2Z Health.Net, Inc. ("A2Z Health") filed the complaint initiating this action in the Sacramento County Superior Court against Defendant California Massage Therapy Council. (Doc. No. 2-2.) The initial complaint named only the aforementioned parties and did not assert any claims under federal law. (*Id.*)

On June 26, 2025, A2Z Health filed a first amended complaint adding Ben Drillings as a named plaintiff, and Ahmos Netanel and Joe Bob Smith as named defendants. (Doc. No. 2-18.) In addition, the first amended complaint added a cause of action for retaliation in violation of the

1

First Amendment to the U.S. Constitution. (*Id.* at 27.) On July 29, 2025,[1] Defendants filed a notice of removal, asserting the court has federal question jurisdiction over this dispute because the "newly-asserted fourth cause of action in the [first amended complaint] asserts a claim for First Amendment violation of 42 U.S.C. § 1983." (Doc. No. 1 at 3.)

On July 31, 2025, Plaintiffs filed the pending motion to remand. (Doc. No. 4.) Plaintiffs argue that the notice of removal was not timely filed and that California Business and Professions Code § 4616 requires that any claim against the California Massage Therapy Council be filed exclusively in Sacramento County Superior Court. (*Id.* at 6–7.) Plaintiffs additionally request that the court order Defendants to pay Plaintiffs' attorney's fees and costs for the filing of the motion to remand pursuant to 28 U.S.C. § 1447(c). (*Id.* at 7–8.)

On September 3, 2025, Defendants filed an opposition to Plaintiffs' motion to remand. (Doc. No. 17.) On September 8, 2025, Plaintiffs filed a reply thereto. (Doc. No. 18.) On October 1, 2025, Plaintiffs filed a motion to set a contempt hearing (Doc. No. 19), and on December 4, 2025, Plaintiffs filed a request for a status update on the court's resolution of both of their pending motions. (Doc. No. 23.)

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district

---

[1] As discussed further below, the parties dispute the date of filing of the notice of removal.

2

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## ANALYSIS

### A.      Timeliness of Removal

Plaintiffs contend that Defendants' notice of removal was not timely filed because Defendants were "served with the First Amended Complaint on June 26, 2025, yet did not file the Notice of Removal until July 29, 2025—33 days later." (Doc. No. 4 at 6.)

The timeliness requirements for removal are set forth in 28 U.S.C. § 1446, which provides two distinct 30-day periods in which a case may be removed to federal court. 28 U.S.C. § 1446(b). Specifically, a case may be removed: (1) within thirty days after the defendant's receipt of the initial pleading, or (2) within thirty days from when the defendant receives "an amended pleading, motion, order or other paper" that indicates a basis for removal that was not "affirmatively revealed" in the initial pleading. *Id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). The Ninth Circuit clarified that removability in the first scenario is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make a further inquiry." *Harris*, 425 F.3d at 694. If removability is unclear from the initial pleading, "the case is 'not removable' at that stage." *Id.* at 693. The second thirty-day window is triggered when a case is "rendered removable by virtue of a change in the parties or other circumstances revealed in a newly-filed 'paper'. . . ." *Id.* at 694. If a notice of removal is filed after the applicable thirty-day window, "it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007) (citing *Eyak Native Village v. Exon Corp.*, 25 F.3d 773, 783 (9th Cir. 1993)); *see also 88 Int'l Inc. v. Hartford Cas. Ins. Co.*, No. 13-cv-09442-DMG-SH, 2014 WL 12607693, at *2 (C.D. Cal. Mar. 17, 2014) ("[C]ourts in the Ninth Circuit uniformly hold that the 30-day time limit prescribed by

28 U.S.C. § 1446(b) is 'mandatory,' unless Plaintiff waives the defect or is estopped from asserting it.") (citation omitted).

Here, the parties agree that there was no basis for removability in the initial complaint, and that the removability period was triggered by Plaintiffs' filing of the first amended complaint on June 26, 2025. (Doc. Nos. 4 at 6; 17 at 2.) Thus, under 28 U.S.C. § 1446(b)(3), Defendants were required to file the notice of removal on or before July 28, 2025.[2] As Plaintiffs note, the docket shows that the notice of removal was filed on July 29, 2025, a day after the thirty-day removal period expired. (Doc. No. 4 at 6.)

In their opposition, Defendants argue that the notice of removal was timely filed on Friday, July 25, 2025, when they filed the notice of removal which opened a temporary case number, specifically 2:25-at-00971.[3] (Doc. Nos. 17 at 2; 17-1 at ¶ 5; 17-4.) In that temporary case, a notice of removal is reflected as having been filed on July 25, 2025. *See* 2:25-at-00971 (Doc. No. 1.) The following Monday, on July 28, 2025, Defendants filed a notice in the Sacramento County Superior Court informing the court and adverse parties that they had removed this action to federal court and attaching a copy of the notice of removal that was filed in the temporary case (2:25-at-00971). (Doc. Nos. 17-1 at ¶ 6; 17-5.) However, also on July 28, 2025, an operations specialist from this court emailed Defendants' counsel to inform him that there were deficiencies in Defendants' filing. (Doc. Nos. 17-1 at ¶ 8; 17-7.) Specifically, the operations specialist indicated that the "Civil Cover Sheet was filed blank and filed separate from the Notice of Removal." (Doc. No. 17-7 at 4.) The operations specialist asked Defendants' counsel to

---

[2] The thirtieth day after filing of the first amended complaint fell on Saturday, July 26, 2025. Thus, by operation of law, the notice of removal was required to be filed on or before the next business day: Monday, July 28, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [for filing] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

[3] When an attorney files a complaint or notice of removal, that initiating document is effectively lodged with the court in a temporary case, referred to as an attorney temporary case and includes "at" in the case number. When opening the attorney temporary case, the electronic case management platform prompts the filer to pay the civil case filing fee. Following review by the Clerk of the Court and payment of the civil case filing fee, the temporary case is converted to a regular civil case, as appropriate.

4

"complete the Civil Cover Sheet" and to email him the completed version so that he could "make the necessary changes to the docket." (*Id.*)

The next day, on July 29, 2025, the operations specialist followed up on his request for the completed civil cover sheet and further noted that "a [civil case filing] payment for this case has not been made." (*Id.* at 2.) The operations specialist noted that "[p]ayment must be made for [him] to finalize this new case filing." (*Id.*) That same day, Defendants' counsel emailed the operations specialist the completed cover sheet and paid the civil case filing fee. (*Id.*) As a result of that fee payment, Defendants' temporary case was converted to a permanent civil case with the number 2:25-cv-02112-DC-AC, and the notice of removal was added to the docket reflecting a filing date of July 29, 2025. (See Doc. Nos. 1–3.)

As for the filing date of documents, Local Rule 135 provides that "when payment of fees is required, the document *will not be filed* until payment is tendered." L.R. 135(g)(3) (emphasis added). Further, Local Rule 121 states that "the Clerk *shall not file any paper*, issue any process, or render any other service for which a fee is prescribed by statute . . . unless the fee is prepaid." L.R. 121(c) (emphasis added). Moreover, pursuant to 28 U.S.C. § 1914, "[t]he clerk of each court *shall* require the parties instituting any civil action . . . whether by original process, removal or otherwise, to pay a filing fee of $350" and "[e]ach district court by rule or standing order may require advance payment of fees." 28 U.S.C. § 1914 (a), (c) (emphasis added).

Here, because Defendants did not pay the civil case filing fee until July 29, 2025, the notice of removal was not filed on July 25, 2025, as Defendants contend; the notice of removal was filed on July 29, 2025. As Plaintiffs note, the statute providing the removal time period requires that the notice of removal shall be filed—not merely lodged—with the court within 30 days of Defendants' receipt of the document indicating that the action is removable. 28 U.S.C. § 1446(a)(1). This mandatory language differs from other statutes and rules allowing the court to modify or extend certain other deadlines. *See, e.g.*, Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Similarly, while some statutes and rules allow for a deadline to be extended or modified based on counsel's excusable neglect, § 1446 contains no such permissive language. *Jones v. Walmart, Inc.*, No. 1:20-cv-00729-DAD-

BAM, 2020 WL 8614081, at *2 (E.D. Cal. Sep. 8, 2020) ("[T]he removal statute includes no 'excusable neglect' provision.").

Other courts in this circuit considering similar situations have concluded that the relevant date for removal purposes is the date the notice of removal appears on the docket. For example, in *MG Star LLC v. AmGUARD Insurance Company*, No. 1:23-cv-00560-JLT-EPG, 2023 WL 4488279 (E.D. Cal. Jul. 12, 2023), *report and recommendation adopted by* 2023 WL 5436008 (E.D. Cal. Aug. 23, 2023), the removing party timely served its notice of removal on opposing counsel, uploaded the removal documents and exhibits onto the court's CM/ECF website using PACER, and submitted credit card information for payment of the filing fee. *MG Star*, 2023 WL 4488279, at *2. The removing party did not receive any notice indicating that the documents had not been received or that there was a deficiency in the filing. *Id.* The removing party did receive an email confirming that the filing fee had been paid. *Id.* One week after filing, upon realizing that the case still bore the attorney temporary case number, the removing party contacted the court clerk who informed the removing party that the filing fee had been paid, but the removal papers had not been received. *Id.* Thus, the removing party refiled the removal documents a week after the removal deadline expired. *Id.* The court in *MG Star* found that it was the removing party's responsibility to ensure that all documents were properly filed and remanded the case to state court. *Id.* at *5.

Here, Defendants did not pay the civil case fee upon lodging their notice of removal and opening the "attorney temporary" case on July 25, 2025, despite the electronic case management platform's prompting them to do so and the Local Rules requiring advance payment of civil case fees. Defendants did not pay the filing fee on July 28, 2025, either. Instead, Defendants paid the fee on July 29, 2025, which resulted in the untimely filing of their notice of removal. While this failure was technical and excusable, the removal statute does not permit the court to extend the removal deadline for excusable error or for other good cause. Thus, Defendants' notice of

/////

/////

removal was untimely filed, and the court will grant Plaintiffs' motion to remand.[4]

**B.      Attorney's Fees**

Plaintiffs also seek attorney's fees and costs relating to this motion pursuant to 28 U.S.C. § 1447(c). (Doc. No. 4 at 7–8.) Under § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiffs fail to show that Defendants lacked an objectively reasonable basis for seeking removal. Accordingly, the court will deny Plaintiffs' request for costs and attorney's fees.

**CONCLUSION**

For the reasons explained above:

1.      Plaintiffs' motion to remand (Doc. No. 4) is GRANTED;

2.      Plaintiffs' request for attorney's fees and costs relating to this motion is DENIED;

3.      This matter is remanded to Sacramento County Superior Court;

4.      Plaintiffs' motion to set a contempt trial (Doc. No. 19) is DENIED as having been rendered moot by this order, and without prejudice to Plaintiffs seeking relief in the Sacramento County Superior Court;

5.      Plaintiffs' request for a status update (Doc. No. 23) is DENIED as having been rendered moot by this order; and

/////

---

[4] Because the court will grant Plaintiffs' motion on timeliness grounds, it need not address Plaintiffs' argument that removal was improper due to a provision in California Business and Professions Code § 4616 requiring that Defendant California Massage Therapy Council "be sued only in the county of its principal office, which shall be in Sacramento." (Doc. No. 4 at 6–7.) However, as Plaintiffs' request for costs and attorney's fees is predicated in part on this argument, the court briefly notes that § 4616 requires that a claim against the California Massage Therapy Council be brought in Sacramento County, not necessarily the Sacramento County Superior Court. *See Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) ("[A] forum selection clause that vests 'exclusive jurisdiction and venue' in the courts 'in' a county provides venue in the state and federal courts located in that county.") Because this court sits in Sacramento County, the forum selection provision does not prohibit removal to this court.

6.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **January 23, 2026**

_____

Dena Coggins
United States District Judge

8